**UNITED STATES of America, Appellee,**

v.

**Jose GRULLON, aka Jose David Grullon aka Nisio Espinal aka Nicio Espinal–DeJesus, Defendant–Appellant.**

No. 06–0468–cr.

United States Court of Appeals, Second Circuit.

Sept. 14, 2007.

Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Rebecca A. Monck & Celeste L. Koeleveld, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges, and Hon. CHARLES L. BRIEANT, JR.,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Jose Grullon appeals from a judgment entered on November 18, 2005 in the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge* ) convicting him, after a plea of guilty, of illegal re-entry into the United States subsequent to his removal after conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On January 9, 2006, the District Court sentenced defendant to a term of 57 months' imprisonment, three years' supervised release, and a mandatory $100 special assessment.

On appeal, defendant argues that the District Court erred in finding that sentencing disparities created by the Department of Justice's "fast-track" programs[1]

---

* The Honorable Charles L. Brieant, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

1. "Fast-track" programs operate as a set of policies followed by U.S. Attorneys' offices in certain districts, whereby the Government recommends reduced sentences for violators of 8 U.S.C. § 1326 "in return for the defendants' waiver of various rights, including: in-

dictment by a grand jury, trial by jury, presentation of a pre-sentence report, and appellate review of the sentence." *United States v. Mejia,* 461 F.3d 158, 160 (2d Cir.2006). The programs may be implemented only in select districts that "confront[ ] an exceptionally large number of a specific class of offenses within the district, and failure to handle such cases on an expedited or 'fast-track' basis

for illegal reentry offenders are not "unwarranted" disparities within the meaning of 18 U.S.C. § 3553(a)(6). Defendant's argument is squarely foreclosed by our decision in *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006) (holding that fast-track programs do not create "unwarranted" sentencing disparities within the meaning of 18 U.S.C. § 3553(a)(6)).

Accordingly, we AFFIRM the judgment of the District Court.

would significantly strain prosecutorial and judicial resources available in the district," or where "the district confronts some other exceptional local circumstance with respect to a specific class of cases." Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's "Fast–Track" Policies (Sept. 22, 2003), 16 Fed. Sent. Rep. 134, 2003 WL 23475483, at *2 (2003). Congress has explicitly approved such programs. *See* Pub.L. No. 108–21, 117 Stat. 650, 675 (2003) (codified in various sections of 18, 28, and 42 U.S.C.). Further, United States Sentencing Guidelines § 5K3.1, "Early Disposition Programs (Policy Statement)," provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S. Sent'g Guidelines Manual § 5K3.1.

